**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1565-15T1

METODI DONCHEV and
FAITH DONCHEV,

    Plaintiffs-Appellants,

v.

DENNIS DESIMONE,

    Defendant-Respondent.

_____

        Argued June 7, 2017 — Decided  July 5, 2017

        Before Judges Simonelli and Carroll.

        On appeal from the Superior Court of New
        Jersey, Law Division, Gloucester County,
        Docket No. L-0956-05.

        Faith Donchev, appellant, argued the cause pro
        se.

        Amanda J. Sawyer argued the cause for
        respondent (Methfessel & Werbel, attorneys;
        Edward L. Thornton, of counsel and on the
        brief; Ms. Sawyer, on the brief).

PER CURIAM

    Plaintiff Faith Donchev appeals from numerous Law Division

orders and a judgment that were entered after our decision in

<u>Donchev v. DeSimone</u>, No. A-0395-11 (App. Div. Sept. 24, 2012), <u>certif. denied</u>, 213 <u>N.J.</u> 534 (2013). For the following reasons, we affirm.

We are constrained to recite the tortured procedural history of this matter in order to place this appeal in perspective. This litigation arose from injuries plaintiff's husband, Metodi Donchev (Donchev),[1] sustained on June 16, 2003. Donchev was employed by D.N. DeSimone Construction Company, Inc. (DND) at the time of his injury. Defendant was president of DND, and hired the company to complete several projects at his home, including garage roof repairs. Donchev was injured when he fell through the garage roof. He filed a claim petition with the Division of Worker's Compensation (Division) seeking benefits for his injuries.

Donchev and plaintiff also filed a complaint against defendant individually, asserting landowner liability. Donchev subsequently died from causes that were in dispute. Thereafter, the complaint was amended to substitute his estate as a plaintiff and assert a wrongful death claim, which the trial court eventually dismissed. In addition, the estate filed a dependency claim

---

[1] Donchev is deceased. After his death, plaintiff amended the complaint to substitute his estate as a plaintiff and assert a wrongful death claim, which the court dismissed.

petition with the Division. The Division approved a settlement between DND and the estate.

Defendant filed two motions for summary judgment. In the first motion he argued there was no landowner liability, and in the second motion he argued that the New Jersey Workers' Compensation Law (WCL), N.J.S.A. 34:15-70 to -146, barred plaintiffs' claims. The trial court denied both motions and the matter proceeded to a jury trial. The court entered judgment against defendant after the jury rendered a verdict in plaintiffs' favor.

Plaintiff filed a post-trial motion to reinstate the wrongful death claim, and defendant filed a cross-motion for remittitur or, in the alternative, a new trial. The court denied all motions. Defendant then appealed from the two orders denying summary judgment, the final judgment, and the order denying his post-trial cross-motion. Plaintiff did not cross-appeal.

In Donchev, we reversed the jury award, finding that the court improperly denied summary judgment to defendant. Donchev, supra (slip op. at 9-12). We held that defendant was entitled to summary judgment as a matter of law because as a landowner, he neither owed nor breached a duty of care to Donchev, and as an employer, he was immune from suit pursuant to the WCL. Id. (slip

op. at 10).  The trial court subsequently vacated the judgment against defendant.

Thereafter, beginning in October 2013, plaintiff embarked on an unrelenting campaign in the trial court to reinstate the jury verdict and all claims and for a trial on the wrongful death claim.[2]  Plaintiff filed numerous motions seeking to re-litigate the matter on the basis that our prior opinion only applied to defendant as president of DND and defendant was liable as the homeowner.

The court denied all of plaintiff's motions.  In particular, in a July 26, 2014 order, the court denied plaintiff's motion to reinstate the wrongful death claim and judgment and for a jury trial.  The order warned plaintiff that "any refiling of a similar motion will be considered for possible sanctions and/or submission to . . . determine if future motions should be subject to review and [possible] rejection."  In an October 20, 2014 order, the court denied plaintiff's motion to enter judgment and for reconsideration of a prior order; imposed a $50 sanction; and notified plaintiff that any further frivolous motions "shall lead to further, harsher sanctions, including monetary sanctions and

---

[2]  Plaintiff also made several unsuccessful applications with this court and our Supreme Court.

[p]lainitiff to file any further pleadings at the discretion of the Assignment Judge, Georgia M. Curio."[3]

Undeterred by these orders, and ignoring defense counsel's repeated warnings that sanctions would be sought pursuant to Rule 1:4-8, plaintiff continued filing motions raising the same arguments. In a May 8, 2015 order, the court granted defendant's motion for counsel fees and costs, ordered defense counsel to submit a certification of services, permitted plaintiff to rebut the certification, and reiterated the warnings set forth in the October 20, 2014 order. Defense counsel submitted a certification of services, and plaintiff responded with yet more motions. On August 4, 2015, the court entered a judgment against plaintiff in the amount of $1,201.50 for defendant's attorney's fees and costs in opposing her most recent "frivolous application."

Defendant subsequently filed a motion to enforce litigant's rights, seeking an order prohibiting the clerk from accepting any further applications from plaintiff and to close the docket. Defendant also sought an award of attorney's fees and costs. Plaintiff filed a cross-motion to reinstate all claims, which the court denied in an August 21, 2015 order. Plaintiff filed a motion

---

[3] The court subsequently vacated the $50 sanction.

for reconsideration of the August 4, 2015 judgment and the August 21, 2015 order.

In an October 13, 2015 oral opinion, Judge Curio gave a detailed procedural hisotry and found as follows, in pertinent part:

> This history and procedural path that this matter has taken demonstrates that there has been a constant attempt to re[-]litigate issues that have previously been litigated to a conclusion.
>
> It's clear that the plaintiff disagrees with the legal conclusions of the Appellate Division by which the [t]rial [c]ourt is bound. However, to simply insist repeatedly that those issues be revisited is inappropriate and can't be allowed to go on forever.
>
> Plaintiff in arguing has expressed and articulated a number of legal principles and concepts, but they're being discussed in a vacuum without any appropriate application of those concepts and principles to the legal issues at hand in this case.
>
> Throughout the procedural history of this, we have [m]otions to [r]econsider prior [o]rders. We have [m]otions to reinstate the [j]ury verdict. we have [m]otions to [v]acate Appellate [o]rders. We have [m]otions seeking to affirm the [t]rial [c]ourt's original denial of the [s]ummary [j]udgment [m]otions. We have [m]otions for [n]ew [t]rial.
>
> . . . .
>
> Indeed, plaintiff's response to [defendant's motion to enforce litigant's rights] is indicative of all of the prior

history, because what has been submitted by plaintiff in response to this [m]otion . . . is more of the same . . . all again seeking to re[-]litigate the issues that had previously been before the [c]ourt. Litigated to the point of a [r]uling by the Appellate Division and Supreme Court having denied the [p]etition for [c]ertification and indeed even further subsequent motions before the Supreme Court.

There's no further litigation beyond the Appellate Division and the Supreme Court. The matters have been fully and finally adjudicated, and no effort, no degree of repetition can change that fact.

The case law allows the rare relief of enjoining a litigant's ability to file pleadings with the [c]ourt without review by the Assignment Judge. And I am satisfied given the procedural history that I've attempted to outline . . . that the circumstances presented here warrant the sort of rare relief that's being requested.

. . . .

First and foremost, the use of pleading to attempt to bring the issues to the [c]ourt again and again after they've been concluded renders those continuing efforts to be frivolous. And the [c]ourt has the authority, as the [c]ourt in Parish [v. Parish, 412 N.J. Super. 39 (App. Div. 2010)] said, "Courts have the inherent authority, if not the obligation, to control the filing of frivolous motions and to curtail harassing and vexatious litigation."

[Plaintiff's] persistent attempt to revisit over and over issues that have been fully and finally adjudicated is frivolous, is harassing, is vexatious and serves no purpose. It is a detriment to the court

A-1565-15T1

system, and it is a continuing hardship visited upon the defendant who must answer, respond and address issues which have already been fully adjudicated.

. . . .

[T]he Court Rules simply do not allow incessant repetition until you get the answer that you want. It's simply not contemplated in the Rules. It is an abuse of the Rules and the process.

The judge entered two orders on October 14, 2015: (1) granting defendant's motion to enforce litigant's rights and enjoining plaintiff from filing any future pleadings without first submitting it to the Assignment Judge or her designee; and (2) denying plaintiff's cross-motion. This appeal followed.

For what we can discern from plaintiff's rambling merits brief, she reiterates the arguments made before the trial court and also argues that the court erred in imposing sanctions. We have considered these arguments in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons Judge Curio expressed in her comprehensive oral opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8                                          A-1565-15T1